**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHEN CAVINESS,                                  )          CASE NO. CV 14-3396 DOC (RZ)
                                                   )
                      Petitioner,                  )
                                                   )          ORDER SUMMARILY DISMISSING
            vs.                                    )          HABEAS ACTION
                                                   )
M.E. SPEARMAN, Warden,                             )
                                                   )
                      Respondent.                  )
_____)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Because Petitioner seeks a state-law-based resentencing for which he was and is plainly ineligible, the Court will dismiss this habeas petition summarily.

In 1995, having just been convicted of a "Third Strike" felony, namely a second degree (unarmed) robbery, Petitioner was sentenced to 36 years to life in prison.  *See* Pet. ¶ 2.  In 2012, California voters enacted Proposition 36, the Three Strikes Reform Act of 2012 (the Act).  *See generally People v. Yearwood,* 213 Cal.App.4th 161, 167, 151 Cal.Rptr.3d 901 (2013).  The Act permits some "Third Strike" prisoners to receive a "Second Strike" resentencing if they meet certain criteria.  One such requirement is that the

most recent offense must not be a "serious" or "violent" felony as defined by CAL. PENAL CODE section 667.5(c) or section 1192.7(c).   CAL. PENAL CODE § 1170.126(e)(1). Petitioner unsuccessfully petitioned for resentencing in the state courts and now seeks habeas relief in this Court.  (In his two enumerated claims, Petitioner asserts vaguely that his "federal constitutional rights will be violated if" he is not resentenced.  It is unclear whether Petitioner states a valid *federal* claim as opposed to a pure *state* law challenge wrapped in a false "federal" label.  For the sake of discussion only, the Court assumes that he states a valid federal claim.)

Petitioner's claims are plainly infirm because "any robbery" is included in the state's statutory listings of both "serious" and "violent" felonies.  CAL. PENAL CODE §§ 667.5(c)(9) ("any robbery" is a "violent felony"), 1192.7(c)(19) ("robbery or bank robbery" is a "serious felony").  Indeed, the California Court of Appeal cited precisely these code sections and subsections in rejecting relief on January 13, 2014 in case number B252189.  *See* unlabeled exhibit to Pet.  The state courts' rejection of resentencing relief, for which Petitioner was ineligible under the plain text of the Act, neither violated nor unreasonably applied any United States Supreme Court precedent.  Habeas relief is unavailable.

For the foregoing reasons, the Court DISMISSES the action with prejudice.


DATED:  May 8, 2014


_David O. Carter_

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE